## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RECEIVED

2010 SEP 30 ⊃ 1: 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**Loretta Mitchell,**

    *Plaintiff,*

v.

**Northland Group, Inc.,** a foreign corporation,

    *Defendant.*

)
)
)
)
)
)
)
)
)

Civil Action No.: 2:10-CV-834-WKW-CSC
Plaintiff Demands Trial by Jury

## COMPLAINT

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and, in addition, state of Alabama common law claims for harassment, negligence, and invasion of privacy (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C.§ 1681, and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendant transacts business and the conduct complained of occurred in Barbour County, Alabama.

### III. PARTIES

3.  Plaintiff Loretta Mitchell (hereinafter, "Plaintiff") is a natural person of the age of majority and residing in Barbour County, Alabama. Plaintiff is a "consumer" as that term is defined

Page 1 of 8

by the FDCPA, 15 U.S.C. § 1692a(3).

4.    Defendant Northland Group, Inc. (hereinafter, "Defendant" or "Northland") is a corporation engaged in the business of collecting consumer debts in the state of Alabama. The principal purpose of Defendant is the collection of such debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the *Code of Alabama*, §40-12-80.

## IV. FACTUAL ALLEGATIONS

6.    Plaintiff incorporates herein by reference each of the foregoing paragraphs.

7.    On or about May 2010, Defendant began repeatedly calling Plaintiff at her residence in Barbour County searching for an individual by the name of "Stacy". Initially, Defendant caused such calls to be placed via its computerized collection system; however, progressively these calls were replaced with calls by one or more of Defendant's customer service representatives.

8.    In or around July 2010, Plaintiff returned the call of a representative of Defendant and advised that Defendant was contacting the incorrect residence and that Plaintiff was not indebted in any capacity to Defendant nor Defendant's client. Furthermore, Plaintiff demanded that Defendant cease and desist from any further collection activity.

9.    Notwithstanding Plaintiff's aforesaid demand, Defendant continued to contact Plaintiff at her residence.

10.   Again, in August 2010, Plaintiff contacted a representative of Defendant, advised such representative that Defendant possessed erroneous contact information, and demanded that

Defendant cease and desist from any further contact with Plaintiff over this alleged indebtedness.

11.     On September 1, 2010, via its computerized collection system, Defendant again contacted Plaintiff's residence seeking an individual by the name of "Stacy".

12.     At approximately 9:00 a.m. on September 2, 2010, Plaintiff contacted Troy Jacobson, a representative of Defendant, who advised that a verbal cease and desist demand was simply insufficient. Moreover, Jacobson advised Plaintiff that, without a written demand to cease and desist from calling Plaintiff's residence, Defendant would continue to place such collection calls.

13.     On September 2, 2010, pursuant to the request of Jacobson, Plaintiff forwarded to Defendant written correspondence demanding that Defendant cease and desist contacting her residence and, in addition, indicating that no individual by the name of "Stacy" lives at Plaintiff's residence.

14.     Notwithstanding Plaintiff's compliance with Defendant's request, in a further attempt to collect upon the alleged indebtedness, Defendant again contacted Plaintiff's residence in search of an individual by the name of "Stacy" at the following times and on the following dates:

    a.      Approximately 4:20 p.m., September 10, 2010;

    b.      Approximately 10:26 a.m., September 13, 2010;

    c.      Approximately 5:47 p.m., September 14, 2010;

    d.      Approximately 6:20 p.m., September 15, 2010; and

    e.      Approximately 5:30 p.m., September 16, 2010.

15. As stated hereinabove, Defendant, by and through its agents, contractors, employees, or other representatives has repeatedly contacted Plaintiff in an effort to collect upon an alleged consumer debt. By virtue of Plaintiff's numerous cease and desist demands, Defendant knew or should have known that Plaintiff was not indebted to Defendant and, in addition, that an individual by the name of "Stacy" did not reside at Plaintiff's address.

16. As a result of the foregoing violations of federal and state law, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA and state law, actual damages, compensatory damages, statutory damages, punitive damages, costs and attorney's fees.

## V. GENERALLY

17. Due to Defendant's harassing, illegal and abusive tactics, Plaintiff was forced to retain the services of an attorney to represent her in this matter.

18. The facts considered, Plaintiff assumes that Defendant will continue to pursue the alleged debt and, in addition, continue to violate the FDCPA and state law.

19. As a result of the acts alleged hereinabove, Plaintiff has suffered severe distress, mental anguish, headaches, embarrassment, loss of sleep, and was forced to hire the services of an attorney.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

20. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

21. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the

following:

a)    Contacting Plaintiff subsequent to her verbal and written requests that Defendant
      cease further communication with Plaintiff in violation of 1692c(c);

b)    Repeatedly causing the telephone to ring at Plaintiff's residence with the intent to
      annoy, abuse or harass Plaintiff in violation of 1692d(5).

c)    Attempting to collect a debt not legally owed, using false and/or misleading
      representations in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10); and

d)    Taking illegal actions against Plaintiff in violation of 15 U.S.C. §§ 1692f(1).

22.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for
       declaratory judgment that Defendant's conduct violated the FDCPA, actual damages,
       compensatory damages, statutory damages, costs and attorney's fees.

       **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the

following:

a.    Declaratory judgment that Defendant's conduct violated the FDCPA;

b.    Actual and compensatory damages;

c.    Statutory damages pursuant to 15 U.S.C. § 1692k;

d.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

e.    For such other and further relief as the Court may deem just and proper.

## COUNT II - NEGLIGENCE

23.    Plaintiff incorporates herein by reference each of the foregoing paragraphs.

24.    Defendant had a duty to ensure that Plaintiff was indebted to Defendant or Defendant's client

Page 5 of 8

prior to commencing and/or causing to be commenced collection efforts against Plaintiff. Furthermore, Defendant had a duty to refrain from engaging in collection efforts on this alleged debt until verification thereof.

25. Defendant breached said duties by initially contacting Plaintiff without verification of such alleged indebtedness and, in addition, continuously and repeatedly contacting Plaintiff after being notified that Defendant had incorrect contact information.

26. As a proximate consequence of Defendant's negligence, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

    a.    actual damages;

    b.    compensatory damages and punitive damages; and,

    c.    for such other and further relief as the Court may deem just and proper.

## COUNT III - HARASSMENT

27. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

28. As stated hereinabove, Defendant continuously and repeatedly caused Plaintiff's residential phone to ring in an attempt to collect upon an alleged consumer debt despite the fact that Plaintiff had, on numerous occasions, advised Defendant that she was not indebted to either Defendant or its client.

29. Defendant's harassing communications to Plaintiff were willful, intentional and malicious with the intent to injure Plaintiff.

30.     As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed,
        humiliated, emotionally distressed and, in addition, forced to retain the services of an
        attorney to prosecute this matter.

        **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the

following:

   a.   actual damages;

   b.   compensatory and punitive damages; and,

   c.   for such other and further relief as the Court may deem just and proper.

## COUNT IV - INVASION OF PRIVACY

31.     Plaintiff incorporates herein by reference each of the foregoing paragraphs.

32.     As stated hereinabove, Defendant repeatedly intruded upon the seclusion and solitude of
        Plaintiff.

33.     Defendant's invasion of Plaintiff's privacy was willful, intentional and malicious with the
        intent to injure Plaintiff.

34.     As a proximate consequence of Defendant's invasion of Plaintiff's privacy, Plaintiff has
        been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain
        the services of an attorney to prosecute this matter.

        **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the

following:

   a.   actual damages;

   b.   compensatory and punitive damages; and,

   c.   for such other and further relief as the Court may deem just and proper.

Page 7 of 8

**RESPECTFULLY SUBMITTED** this the 29th day of September, 2010.

**/s/ Anthony B. Bush**
Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
**Lewis, Bush & Faulk, LLC**
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Phone:(334) 263-7733
Facsimile:(334) 832-4390
Bar Id. #: ASB-7306-A54B

## DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:

**Northland Group, Inc.**
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104